JANVIER, Judge
(concurring).
I concur in the opinion and in the decree although I have some doubt on the question of whether the charge that the sale was a simulation is properly before us.
It is true that the Recorder of Mortgages expressly raised that issue and charged that the said sale was a simulation.
As I have already stated, I have some slight doubt as to whether the Recorder of Mortgages could be heard to challenge the reality of the transaction. His only interest was to establish the fact that the judgment, which was left with him for recordation, was recorded promptly and that the error which he made in omitting the amount of the judgment should not have the effect of nullifying the entire recordation.
If the reference by the Collector of Revenue to the sale as being “purported” may be construed as a charge that that sale was a simulation, then I thoroughly concur in the view that it was a simulation. However, whether or not it was a simulation I am well convinced that the decree which affirms the judgment against the relator is correct, for the reason that I believe that the record justifies the conclusion that the sale to Williams was not shown to have been registered in the Conveyance Office prior to the time at which the judgment in favor of the Collector of Revenue was recorded in the Mortgage Office.
It must be remembered that the sale, whether real or purported from the W. E. T. Realty Company, Inc., was passed forty-two days "before it was filed for registration in the Conveyance Office, and it must also be remembered that Williams well knew that the judgment in favor of the Collector of Revenue had been rendered and signed and that if recorded before the registration of the purported sale to him, it would be effective against the property purportedly transferred to him. Thus the question of whether his sale was registered first was of vital importance and he should have produced evidence to the effect that it was registered before the judgment was recorded.
For these reasons I concur in the opinion and decree.